UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KIN WAH KUNG,

    Plaintiff,

v.

CHEX SYSTEMS, INC., et al.,

    Defendants.

Case No. 20-cv-04885-LHK   (VKD)

**ORDER DENYING MOTION FOR RECUSAL**

Re: Dkt. No. 17

Pro se plaintiff Kin Wah Kung moves to recuse the undersigned magistrate judge from serving as the referral judge for discovery disputes and settlement conferences in this action.[1] Dkt. No. 17. Defendant Chex Systems, Inc. did not file an opposition to the motion. Defendant Citizens Equity First Credit Union ("CEFCU") filed a statement of non-opposition. Dkt. No. 20. The presiding judge referred this motion to the undersigned magistrate judge on October 15, 2020. Dkt. No. 33. The Court finds the matter suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, Mr. Kung's motion for recusal is denied.

In this action, Mr. Kung alleges that defendant ChexSystems and/or defendant CEFCU violated the Fair Credit Reporting Act ("FCRA"), California's Consumer Credit Reporting Agencies Act, and other obligations arising under California law. Dkt. No. 1. Mr. Kung seeks to

---

[1] This matter has been referred to the undersigned magistrate judge for purposes of discovery and settlement. Dkt. No. 28; *see also* Dkt. No. 17 at 3 ("Per the ECF Docket Report of this action, Honorable DeMarchi was referred as the settlement judge. Despite the lack of ECF entry, Plaintiff believes this Court, in her own initiative, pursuant to N.D. ADR L.R. 7-2, referred this action to a settlement conference."). Mr. Kung's motion focuses on the referral for settlement purposes, but the Court understands his motion to extend to "other aspects of this case which this Court may direct." *See* Dkt. No. 17 at 3.

recuse the undersigned magistrate judge pursuant to 28 U.S.C. § 455(a), (b)(1), and/or (b)(2). Dkt. No. 17 at 4. Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The statute further mandates recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or where "in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(1)-(2). A § 455 motion requires a judge to determine "whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." *United States v. Hughes*, No. 18-CV-05931-JCS, 2020 WL 1531374, at *3 (N.D. Cal. Mar. 31, 2020) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *United States v. Schreiber*, 599 F.2d 534, 536 (3d Cir. 1979), *cert. denied*, 444 U.S. 843 (1979)) (internal quotation marks omitted).

Mr. Kung contends that, as a former partner, general counsel, and Executive Committee member of Fenwick & West LLP, the undersigned "may have knowledge about Plaintiff" or one of Mr. Kung's other FCRA actions, *Kung v. Experian Information Solutions, Inc. et al.*, Case No. 18-cv-00452-WHA (N.D. Cal.), in which Fenwick represented defendant Intuit, Inc. Dkt. No. 17 at 4. Mr. Kung candidly acknowledges that the he has no information suggesting that the undersigned has any knowledge of Mr. Kung or of his prior FCRA matters, but he expresses concern on that point and raises the question for consideration. *Id.* at 4–5.

The undersigned magistrate judge has no prior knowledge of Mr. Kung or his prior FCRA actions involving Intuit or any other party, and she has formed no impression of him or this action, let alone a bias or prejudice against him. In her time in private practice, the undersigned did not represent any clients in any FCRA actions and had no occasion, as general counsel of Fenwick or otherwise, to be informed of any facts concerning Mr. Kung or his prior FCRA matter. No Fenwick attorneys, including those who represented Intuit in the action to which Mr. Kung refers, are involved in Mr. Kung's action against Chex Systems and CEFCU here. In sum, considering

1  all of the circumstances presented, there is no basis on which the undersigned's impartiality in this
2  matter reasonably may be questioned, and no basis for recusal or disqualification under 28 U.S.C.
3  § 455(a), (b)(1), and/or (b)(2).
4       For the foregoing reasons, the Court denies Mr. Kung's motion to recuse the undersigned
5  magistrate judge. The hearing noticed for October 27, 2020 is hereby VACATED.
6       **IT IS SO ORDERED.**
7  Dated: October 19, 2020

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge